```
 1                  UNITED STATES DISTRICT COURT

 2                  WESTERN DISTRICT OF NEW YORK

 3

 4

 5  - - - - - - - - - - - - -X
    UNITED STATES OF AMERICA            20-CR-6093(G)
 6
    vs.
 7                                      Rochester, New York
    FRANK SALERNO,                      July 9, 2020
 8           Defendant.                 10:01 a.m.
    - - - - - - - - - - - - -X
 9

10

11              TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE FRANK P. GERACI, JR.
12              UNITED STATES DISTRICT CHIEF JUDGE

13

14              JAMES P. KENNEDY, JR., ESQ.
                United States Attorney
15              BY: KYLE P. ROSSI, ESQ.
                Assistant United States Attorney
16              500 Federal Building
                Rochester, New York 14614
17

18              MARIANNE MARIANO, ESQ.
19              Federal Public Defender
                BY: JEFFREY CICCONE, ESQ.
20              Assistant Federal Public Defender
                28 East Main Street, Suite 400
21              Rochester, New York 14614
                Appearing on behalf of the Defendant
22

23  COURT REPORTER:    Christi A. Macri, FAPR-RMR-CRR-CSR(NY/CA)
24                     Christimacri50@gmail.com
                       Kenneth B. Keating Federal Building
25                     100 State Street, Room 2120
                       Rochester, New York 14614
```

2

**P R O C E E D I N G S**

\*          \*          \*

(**WHEREUPON**, the defendant is present).

**THE COURT:** Good morning.

10:17:47AM **THE DEFENDANT:** Good morning.

**THE CLERK:**  This is 20-CR-6093, U.S. vs. Frank Salerno.  Kyle Rossi is here for the Government.

Jeff Ciccone is here for the defendant.

And Mr. Salerno appears by Zoom for a plea.

10:18:04AM **THE COURT:** Are you Frank Salerno?

**THE DEFENDANT:** Yes.

**THE COURT:** Can you hear us, Mr. Salerno?

**THE DEFENDANT:** Yes, Your Honor.

**THE COURT:** Okay.  If at any time you have to ask

10:18:14AM Mr. Ciccone any questions, you need to talk to him privately, you can be placed in a separate breakout room at that point.

Do you understand that?

**THE DEFENDANT:** Yes, Your Honor.

**THE COURT:** Okay.  This matter is by way of video

10:18:27AM conference.  Mr. Salerno, are you consenting to have this matter by way of video conference?

**THE DEFENDANT:** Yes, Your Honor.

**THE COURT:** I advise all the parties that they may not record, reproduce, or rebroadcast any part of this

10:18:41AM hearing.  To violate that order could be a contempt of court.

1          This matter is on for a potential plea.

2   Mr. Ciccone, is your client ready to proceed?

3          **MR. CICCONE:** Yes, Your Honor.

4          **THE COURT:** Okay.  Mr. Salerno, over the next

10:18:53AM 5   several minutes I'll be asking you a series of questions.  You

6   will be placed under oath.  If you fail to give any truthful

7   responses, do you understand you could be charged with a

8   separate crime of perjury?

9          **THE DEFENDANT:** Yes, Your Honor.

10:19:07AM 10          **THE COURT:** Please place the defendant under oath.

11          (**WHEREUPON**, the defendant was sworn).

12          **THE COURT:** Mr. Salerno, how old are you?

13          **THE DEFENDANT:** 30, turning 31.

14          **THE COURT:** How far did you go in school?

10:19:35AM 15          **THE DEFENDANT:** High school.

16          **THE COURT:** Completed high school?

17          **THE DEFENDANT:** Yes, Your Honor.

18          **THE COURT:** Are you taking any medications or drugs?

19          **THE DEFENDANT:** I'm taking some meds for anxiety.

10:19:47AM 20          **THE COURT:** Do you know what that is?

21          **THE DEFENDANT:** Not right off the top of my head.

22          **THE COURT:** Is that medication in any way affecting

23   your ability to understand these proceedings?

24          **THE DEFENDANT:** No, Your Honor.

10:19:58AM 25          **THE COURT:** Do you have any other health or medical

1  condition affecting your ability to understand these

2  proceedings?

3          **THE DEFENDANT:** No, Your Honor.

4          **THE COURT:** Is anybody forcing you, coercing you or

10:20:09AM 5  threatening you to enter a plea of guilty?

6          **THE DEFENDANT:** No, Your Honor.

7          **THE COURT:** Have you had the opportunity to discuss

8  this matter with your attorney Mr. Ciccone?

9          **THE DEFENDANT:** Yes, Your Honor.

10:20:20AM 10         **THE COURT:** Are you satisfied with his

11 representations?

12         **THE DEFENDANT:** Yes, Your Honor.

13         **THE COURT:** Do you understand you have a right to an

14 attorney throughout these proceedings right through the time

10:20:29AM 15 of sentencing?

16         **THE DEFENDANT:** Yes, Your Honor.

17         **THE COURT:** Do you understand you have a right to

18 persist or continue your plea of not guilty?

19         **THE DEFENDANT:** Yes, Your Honor.

10:20:40AM 20        **THE COURT:** However, when you do plead guilty you

21 give up certain rights, including your right to have a trial

22 by jury or judge.

23         **THE DEFENDANT:** I understand, Your Honor.

24         **THE COURT:** You also give up your right to allow

10:20:53AM 25 your attorney to cross-examine witnesses on your behalf.

1    **THE DEFENDANT:** I understand, Your Honor.

2    **THE COURT:** You give up your right to have the

3 Government prove this case against you beyond a reasonable

4 doubt.

10:21:05AM 5    **THE DEFENDANT:** I understand, Your Honor.

6    **THE COURT:** If the matter did go to trial, do you

7 understand you could testify, present evidence, and subpoena

8 witnesses for trial?

9    **THE DEFENDANT:** I understand, Your Honor.

10:21:16AM 10    **THE COURT:** However, you cannot be compelled to do

11 any of that because you have a presumption of innocence, and

12 the burden of proof rests on the Government to prove your

13 guilt beyond a reasonable doubt.

14    Do you understand that as well?

10:21:29AM 15    **THE DEFENDANT:** Yes, Your Honor.

16    **THE COURT:** Okay.  Next I'm going to go through this

17 plea agreement with you.  Again, if there's any point where

18 you do not understand anything, please take the opportunity to

19 ask your attorney.

10:21:40AM 20    First of all, this calls for you to waive

21 indictment.  What that means is you're giving up your right to

22 have this matter presented to a grand jury and instead you're

23 agreeing to be prosecuted by way of an information filed by

24 the United States Attorney charging you with receipt of child

10:22:01AM 25 pornography.

1          Do you understand that?

2          **THE DEFENDANT:** Yes, Your Honor.

3          **THE COURT:** Do you understand that charge carries a

4 mandatory minimum term of imprisonment of five years and a

10:22:13AM 5 maximum term of 20 years, a fine up to $250,000, a $100

6 special assessment, and a term of supervised release of five

7 years up to life?

8          Do you understand that?

9          **THE DEFENDANT:** Yes, Your Honor.

10:22:27AM 10          **THE COURT:** Do you understand in this case the Court

11 must impose an assessment of not more than $17,000 for this

12 particular conviction?

13          Do you understand that?

14          **THE DEFENDANT:** Yes, Your Honor.

10:22:41AM 15          **THE COURT:** Do you understand if you're sentenced to

16 a period of supervised release and you violate the conditions

17 of supervised release, you could receive up to two years

18 imprisonment without receiving credit for the time you already

19 served on supervised release?

10:23:02AM 20          **THE DEFENDANT:** Yes, Your Honor.

21          **THE COURT:** If while on supervised release you

22 commit certain violations articulated in this plea agreement

23 which would call for a sentence of greater than one year to be

24 imposed, do you understand based upon a violation of the

10:23:19AM 25 conditions of supervised release you could be sentenced to a

1   term of imprisonment of not less than five years up to life?

2           **THE DEFENDANT:** Yes, Your Honor.

3           **THE COURT:** Based upon a conviction of this

4   particular charge, do you understand you need to register as a

5   sex offender under the Sex Offender Registration and

6   Notification Act?

7           **THE DEFENDANT:** Yes, Your Honor.

8           **THE COURT:** That means notify the parties where you

9   may reside, be employed, or attend school.

10          Do you understand that?

11          **THE DEFENDANT:** Yes, Your Honor.

12          **THE COURT:** Next I want to discuss with you the

13  elements of this charge.  This is what the Government would

14  need to prove beyond a reasonable doubt before you could be

15  convicted at trial.

16          First they would have to prove that you as the

17  defendant knowingly received a visual depiction.

18          Second, that the visual depiction had been shipped

19  or transported in or affecting interstate or foreign commerce

20  using any means or facility of interstate or foreign commerce;

21  or had been shipped or transported in or affecting interstate

22  or foreign commerce by any means, including by computer.

23          Third, that the visual depiction was child

24  pornography.

25          And, fourth, that you as the defendant knew what

1   you received constituted child pornography.

2           Do you understand those elements?

3           **THE DEFENDANT:** Yes, Your Honor.

4           **THE COURT:** Next I want to discuss with you what the

10:25:00AM 5   Government alleges is your involvement in this criminal

6   activity.  This indicates that between June 21st, 2019, and

7   November 26th, 2019, that you the defendant were between the

8   ages of 29 and 30, residing in the State of Massachusetts.

9           You engaged in sexually explicit conversations by

10:25:31AM 10  way of Instagram with a 14-year-old female who was in the

11  Western District of New York; is that correct?

12          **THE DEFENDANT:** Yes, Your Honor.

13          **THE COURT:** And at that time you were aware that the

14  victim was a minor that you communicated with; is that

10:25:48AM 15  correct?

16          **THE DEFENDANT:** Yes, Your Honor.

17          **THE COURT:** Okay.  Tell me in your own words what

18  happened.  What did you do?

19          **THE DEFENDANT:** I just -- we were talking and then

10:26:00AM 20  everything just kind of went more, more deeper than it should

21  have.

22          **THE COURT:** Okay.  What do you mean by that?  Just

23  tell me in your own words.

24          **THE DEFENDANT:** We started getting all, like,

10:26:12AM 25  attached to each other and then, like, we shouldn't have been.

1          **THE COURT:** Then what?

2          **THE DEFENDANT:** We shouldn't have obviously.

3          **THE COURT:** Okay.  You knew at the time that she was

4   approximately 14 years of age?

10:26:29AM 5          **THE DEFENDANT:** Yes, Your Honor.

6          **THE COURT:** Okay.  You were 29 or 30; is that right?

7          **THE DEFENDANT:** Yes, Your Honor.

8          **THE COURT:** Okay.  Now, did you -- knowing that the

9   victim was a minor, 14 years of age, did you persuade, induce

10:26:45AM10   or entice her to engage in sexually explicit conduct?

11          **THE DEFENDANT:** Yes, Your Honor.

12          **THE COURT:** Specifically what?

13          **THE DEFENDANT:** Just touching herself.  That was it.

14          **THE COURT:** Okay.  And did you have her take

10:27:00AM15   pictures of that?

16          **THE DEFENDANT:** Yes, Your Honor.

17          **THE COURT:** When you say "touching herself,"

18   touching her vaginal area; is that correct?

19          **THE DEFENDANT:** Yes, Your Honor.

10:27:06AM20          **THE COURT:** You asked her to send nude pictures of

21   herself to you; is that right?

22          **THE DEFENDANT:** Yes, Your Honor.

23          **THE COURT:** And she did that?

24          **THE DEFENDANT:** Yes, Your Honor.

10:27:22AM25          **THE COURT:** And do you understand that those

1  photographs, nude photographs of this minor constituted child

2  pornography?

3           Do you agree with that?

4           **THE DEFENDANT:** Yes, Your Honor.

10:27:34AM 5    **THE COURT:** Do you understand the photographs

6  traveled in interstate commerce from New York -- you were in

7  Massachusetts at that time; is that correct?

8           **THE DEFENDANT:** Yes, Your Honor.

9           **THE COURT:** She was in New York?

10:27:47AM 10   **THE DEFENDANT:** Yes, Your Honor.

11          **THE COURT:** And using Instagram, do you understand

12 that operates by using the internet, which is a means or

13 facility of interstate and foreign commerce?

14          **THE DEFENDANT:** Yes, Your Honor.

10:28:00AM 15   **THE COURT:** Okay.  And you received this child

16 pornography on what instrument?

17          **THE DEFENDANT:** LG smart phone.

18          **THE COURT:** Okay.  And did you come to understand

19 that at some point that that phone had been manufactured out

10:28:16AM 20 of the United States, specifically Vietnam?

21          **THE DEFENDANT:** Yes, Your Honor.

22          **THE COURT:** And at all times did you act knowingly

23 knowing that what you had received constituted child

24 pornography?

10:28:33AM 25   **THE DEFENDANT:** Yes, Your Honor.

1          **THE COURT:** Next I want to discuss with you the

2    sentencing guidelines.  Do you understand the Court must

3    consider the guidelines, but I'm not bound by those?

4          Do you understand that?

10:28:45AM 5          **THE DEFENDANT:** Yes, Your Honor.

6          **THE COURT:** Do you understand this charge carries a

7    base offense level of 32?

8          There's a six level increase based upon the minor

9    being over the age of 12, but under the age of 16.

10:29:05AM 10         There's a two level increase based upon the use of

11   a computer.

12         **THE DEFENDANT:** Yes, Your Honor.

13         **THE COURT:** That results in an adjusted offense

14   level of 36.

10:29:19AM 15         You then receive a three level downward adjustment

16   for your acceptance of responsibility, resulting in a total

17   offense level of 33.

18         Do you understand that?

19         **THE DEFENDANT:** Yes, Your Honor.

10:29:30AM 20         **THE COURT:** The second part of calculating

21   somebody's sentence under the guidelines is their criminal

22   history category.  My understanding, your criminal history

23   category is a level III.

24         When that's combined with a total offense level of

10:29:46AM 25   33, do you understand the guidelines range of sentencing

1    involves a period of imprisonment between 168 months and 210

2    months?

3              **THE DEFENDANT:** Yes, Your Honor.

4              **THE COURT:** Involves a fine between $35,000 and

10:30:02AM 5    $250,000?

6              **THE DEFENDANT:** Yes, Your Honor.

7              **THE COURT:** And a period of supervised release of

8    between five years and life.

9              Do you understand that?

10:30:11AM 10             **THE DEFENDANT:** Yes, Your Honor.

11             **THE COURT:** Do you understand regardless of the

12   guidelines, you're subject to both the minimum and maximum

13   penalties?

14             **THE DEFENDANT:** Yes, Your Honor.

10:30:21AM 15             **THE COURT:** And in this agreement both you and the

16   Government have reserved your right to recommend a sentence

17   outside that guideline range I just discussed.

18             Do you understand that as well?

19             **THE DEFENDANT:** Yes, Your Honor.

10:30:35AM 20             **THE COURT:** Do you understand that if this plea is

21   withdrawn, vacated or set aside, the original charges would be

22   refiled and you're waiving what's called the "statute of

23   limitations defense" or the time limit for refiling those

24   charges?

10:30:52AM 25             **THE DEFENDANT:** Yes, Your Honor.

1            **THE COURT:** Are you a citizen of the United States?

2            **THE DEFENDANT:** Yes, Your Honor.

3            **THE COURT:** Do you understand if for some reason

4 it's found that you are not a citizen of the United States, do

5 you understand based upon a conviction for this crime you

6 could be removed from the United States, denied citizenship,

7 or denied admission to the United States in the future?

8            **THE DEFENDANT:** Yes, Your Honor.

9            **THE COURT:** That the Government has reserved their

10 right to provide Probation and the Court with information

11 regarding this case as well as your background, character and

12 involvement in the offense charged.

13            **THE DEFENDANT:** Yes, Your Honor.

14            **THE COURT:** That they can respond at the time of

15 sentencing to statements you make or made on your behalf.

16            **THE DEFENDANT:** Yes, Your Honor.

17            **THE COURT:** They can advocate for a sentence

18 consistent with this agreement.

19            **THE DEFENDANT:** Yes, Your Honor.

20            **THE COURT:** That includes they may oppose an

21 application for a downward departure or a sentence outside the

22 guidelines.

23            Do you understand that?

24            **THE DEFENDANT:** Yes, Your Honor.

25            **THE COURT:** And at the time of sentencing the

10:31:05AM

10:31:19AM

10:31:36AM

10:31:51AM

10:32:01AM

1   Government will move to dismiss the remaining counts of the

2   superseding indictment.

3          Do you understand that as well?

4          **THE DEFENDANT:** Yes, Your Honor.

10:32:14AM 5    **THE COURT:** Do you agree to provide financial

6   records and information to Probation, which in turn may be

7   disclosed to the United States Attorney's Office for the

8   collection of any unpaid financial obligations, including

9   fines, assessments or restitution?

10:32:34AM 10    **THE DEFENDANT:** Yes, Your Honor.

11          **THE COURT:** And that you are limiting your right to

12   appeal the sentence in this case.  If, in fact, the Court

13   imposes a sentence in accordance with the plea agreement of

14   the guidelines or less, notwithstanding the manner in which

10:32:52AM 15   the Court determines the sentence, do you understand you're

16   waiving your right to attack or appeal that sentence in any

17   way?

18          **THE DEFENDANT:** Yes, Your Honor.

19          **MR. ROSSI:** Judge, I apologize for interrupting.

10:33:05AM 20   May I just clarify that?  The appeal will be waived if the

21   Court sentences him specifically to -- between 168 months and

22   210 months imprisonment.

23          **THE COURT:** It says "or less."

24          **MR. ROSSI:** Or less, yes.

10:33:19AM 25          **THE COURT:** I said less.

1          **MR. ROSSI:** I just didn't hear.  I may have missed

2 it, but I didn't hear the Court say the specific number of

3 months that were included in the sentence provision.

4          **THE COURT:** I did.  I said the guidelines, the

10:33:33AM 5 guideline range or less.

6          Do you understand that?

7          **THE DEFENDANT:** Yes, Your Honor.

8          **THE COURT:** Okay.  Do you understand that you are

9 forfeiting certain property?  In other words, giving up any

10:33:42AM 10 interest or claim to the property and that property in turn

11 will be turned over to the United States for disposition or

12 destruction.

13          **THE DEFENDANT:** Yes, Your Honor.

14          **THE COURT:** And that the property specifically is

10:33:53AM 15 one LG smart phone.

16          Do you understand that?

17          **THE DEFENDANT:** Yes, Your Honor.

18          **THE COURT:** Is there anything about this agreement

19 that you do not understand?

10:34:03AM 20          **THE DEFENDANT:** No, Your Honor.

21          **THE COURT:** Do you have any questions you want to

22 ask your attorney Mr. Ciccone?

23          **THE DEFENDANT:** No, Your Honor.

24          **THE COURT:** Has the agreement been signed,

10:34:12AM 25 Mr. Ciccone?

1        **MR. CICCONE:** Judge, yes.  I know Mr. Rossi signed

2   it and I signed it.  Then I sent it to Mr. Salerno.  I think

3   he's already signed it.

4        **THE COURT:** Do we have a signed copy yet?

10:34:25AM 5        **THE CLERK:** No.

6        **THE COURT:** Do you have it in front of you,

7   Mr. Salerno?

8        **THE DEFENDANT:** Yes, Your Honor, it's right here.

9        **THE COURT:** Have you signed it?

10:34:39AM 10        **THE DEFENDANT:** I signed it, Your Honor.

11        **THE COURT:** Okay.  Do you understand that by signing

12   that agreement you're acknowledging your full understanding of

13   the agreement?

14        **THE DEFENDANT:** Yes, Your Honor.

10:34:48AM 15        **THE COURT:** Okay.  What about the Waiver of

16   Indictment, Mr. Ciccone?  Does he have that as well?

17        **MR. CICCONE:** He does, yes.

18        **THE COURT:** Okay.  Mr. Salerno, do you have another

19   document in front of you called Waiver of Indictment?

10:35:02AM 20        **THE DEFENDANT:** Yes, Your Honor, it's right here.

21        **THE COURT:** Have you signed that?

22        **THE DEFENDANT:** Yes, Your Honor.

23        **THE COURT:** And do you understand by signing that

24   document you're giving up your right to have this matter

10:35:11AM 25   presented to the grand jury and instead you're agreeing to be

1   prosecuted by a one count information filed by the United

2   States Attorney that has the same force and effect as an

3   indictment filed by the grand jury?

4           **THE DEFENDANT:** Yes, Your Honor.

10:35:27AM 5           **THE COURT:** Do you have any questions about the

6   waiver process?

7           **THE DEFENDANT:** No, Your Honor.

8           **THE COURT:** Based upon that the Court will approve

9   the Waiver of Indictment.

10:35:37AM 10           Is your client ready to proceed, Mr. Ciccone?

11           **MR. CICCONE:**  Yes, Judge.

12           **THE COURT:** Mr. Salerno, I'm going to read to you

13   this one count information and at the end I'll ask you how you

14   plead to that charge, guilty or not guilty.

10:35:50AM 15           This charges you with receipt of child pornography.

16   Indicates on or about and between June 21, 2019, and November

17   26th, 2019, in the Western District of New York and elsewhere,

18   that you the defendant, Frank Salerno, did knowingly receive

19   child pornography, that is, images depicting lascivious

10:36:23AM 20   exhibition of the genitals of a minor victim that had been

21   shipped and transported using any means and facility of

22   interstate and foreign commerce that had been shipped and

23   transported in and affecting interstate and foreign commerce

24   by any means, including by computer.

10:36:49AM 25           I'll ask you how you plead to that charge of

1   receipt of child pornography, guilty or not guilty?

2           **THE DEFENDANT:** Guilty, Your Honor.

3           **THE COURT:** The Court's had the opportunity to speak

4   with the defendant Frank Salerno.  He's 30 years of age.

10:37:07AM 5   Completed high school.

6           Indicates he takes medications for anxiety.

7   However, that is not affecting his ability to understand these

8   proceedings.  He has no other health or medical condition

9   affecting his ability to understand these proceedings.

10:37:24AM 10           Nobody's forced him, coerced him or threatened him

11   to enter a plea of guilty.

12           He discussed this matter with his attorney

13   Mr. Ciccone.  He's satisfied with his representations.  He

14   understands he has a right to counsel throughout this

10:37:39AM 15   proceeding right through the time of sentencing.

16           He understands he has a right to persist or

17   continue in his plea of not guilty.  However, when he does

18   plead guilty, he gives up certain rights, including his right

19   to have a trial by jury or judge; his right to allow his

10:37:57AM 20   attorney to cross-examine witnesses on his behalf; his right

21   to have the Government prove this case against him beyond a

22   reasonable doubt.

23           If the matter did go to trial, he understands he

24   could testify, present evidence, and subpoena witnesses for

10:38:13AM 25   trial .  However, he could not be compelled to do any of that

1  because he has a presumption of innocence, and the burden of

2  proof rests on the Government.

3              That he's waiving indictment and giving up his

4  right to have this matter presented to a grand jury.  Instead,

10:38:31AM 5  he's agreeing to be prosecuted by a one count information

6  charging him with receipt of child pornography.

7              That charge carries a mandatory minimum sentence of

8  a term of imprisonment of five years and a maximum term of 20

9  years, a fine up to $250,000, and a $100 special assessment,

10:38:51AM 10  and a term of supervised release of five years up to life.

11             That the Court must impose an assessment of not

12  more than $17,000 for this particular conviction.

13             That if he's sentenced to a period of supervised

14  release and violates the conditions, he could receive up to

10:39:11AM 15  two years imprisonment without receiving credit for the time

16  he had already served on supervised release.

17             In addition, if he committed certain offenses while

18  on supervised release as articulated in this agreement for

19  which a term of imprisonment of greater than one year could be

10:39:29AM 20  imposed, he understands by violating the conditions of

21  supervised release he then could be sentenced to a term of not

22  less than five years up to life.

23             Based upon a conviction for this charge he must

24  register under the Sex Offender Registration and Notification

10:39:49AM 25  Act, notify authorities where he may reside, be employed, or

1    attend school.

2            He understood the elements of this charge that the

3    Government would need to prove beyond a reasonable doubt

4    before he could be convicted at trial.

10:40:06AM 5            He articulated a factual basis, admitting that

6    between June 21st, 2019, and November 26th, 2019, when he was

7    between the ages of 29 and 30 living in the State of

8    Massachusetts, that he engaged in sexually explicit

9    conversations by way of Instagram with a 14-year-old victim

10:40:30AM10   female who was within the Western District of New York.

11           That he had that victim send him photographs of

12   sexually explicit conduct, specifically for depicting

13   lascivious exhibition of her genitals.  Those were produced

14   and sent to him; that he understood that to constitute child

10:41:01AM15   pornography.  That the photographs traveled in interstate

16   commerce from New York to Massachusetts by way of Instagram,

17   which operates using the internet.

18           In addition, he understands that the LG smart phone

19   was utilized to receive these particular photographs and that

10:41:25AM20   smart phone was manufactured in Vietnam.

21           At all times he acted knowingly in that he knew

22   what he received constituted child pornography.

23           He understood the calculation of the sentencing

24   guidelines that the Court must consider, but is not bound by .

10:41:43AM25           That this carries a base offense level of -- what's

1  that?

2  **THE DEFENDANT:** Yes, Your Honor, I understand.

3  **THE COURT:** Okay.  Base offense level of 32.

4  There's a two level increase based upon the victim

10:41:56AM 5  being over the age of 12 and under the age of 16.

6  Two level increase for the use of a computer.

7  Three level downward adjustment for his acceptance

8  of responsibility, resulting in a total offense level of 33.

9  His criminal history category is a level III.  When

10:42:14AM 10  that's combined with a total offense level of 33 results in a

11  sentencing range under the guidelines of a term of

12  imprisonment of 168 to 210 months, a fine between $35,000 and

13  $250,000, and a period of supervised release of five years up

14  to life.

10:42:35AM 15  He understands that he is subject to the minimum

16  and maximum penalties regardless of the guidelines.

17  That both the Government and the defendant have

18  reserved their right to recommend a sentence outside the

19  guideline range.

10:42:52AM 20  If this plea is withdrawn, vacated or set aside,

21  the original charges would be refiled and the defendant's

22  waiving his right to advance the statute of limitations

23  defense or the time limit for refiling those charges.

24  He indicates he is a citizen of the United States.

10:43:09AM 25  If for some reason it's found that he is not, he understands

1   he could be removed from the United States, denied

2   citizenship, or denied admission to the United States in the

3   future based upon a conviction for this offense.

4          He understands the Government has reserved their

10:43:28AM 5   right to provide Probation and the Court with information

6   regarding this case, as well as the defendant's background,

7   character, and involvement in the offense charged.

8          They can respond at the time of sentencing to

9   statements he makes or made on his behalf.

10:43:44AM 10   They can advocate for a sentence consistent with

11   this agreement and may oppose an application for a downward

12   departure or sentence outside the guideline range.

13         At the time of sentencing the Government will move

14   to dismiss the remaining counts of the superseding indictment.

10:44:05AM 15   He agrees to provide financial records and

16   information to Probation, which in turn may be disclosed to

17   the United States Attorney's Office for the collection of any

18   unpaid financial obligations including fines, assessments or

19   restitution.

10:44:22AM 20   That he's limiting his right to appeal the sentence

21   imposed in this case.  If, in fact, the Court imposed a

22   sentence in accordance with the guidelines of 168 to 210

23   months imprisonment or less, notwithstanding the manner in

24   which the Court determines the sentence, he's waiving or

10:44:40AM 25   giving up his right to appeal or in any way attack that

1  sentence.

2          Finally, he's forfeiting one LG smart phone which

3  means he will give up any claim or interest to that property,

4  which in turn will be turned over to the United States for

10:44:59AM 5  disposition or destruction.

6          Mr. Salerno indicated he had no questions of his

7  counsel throughout the plea colloquy.

8          Based upon his responses, the Court finds that the

9  plea is in all respects knowing and voluntary.  He did

10:45:14AM 10  articulate a factual basis to support the charge of receipt of

11  child pornography.  Therefore, the Court accepts the plea of

12  guilty.

13          How about October 1st at --

14          MR. CICCONE:  Judge, I'm actually scheduled to start

10:45:52AM 15  a trial that week.

16          THE COURT:  Okay.  Do you want to go the following

17  week or a week before?  What works better for you?

18          MR. CICCONE:  Either of those is fine.

19          THE COURT:  So you're available the week of the 5th?

10:46:04AM 20  MR. CICCONE:  Yes.

21          THE COURT:  How about October 8th at 2 p.m.?

22          MR. CICCONE:  Sure, that's fine.

23          MR. ROSSI:  I didn't hear the time, Judge.

24          THE COURT:  2 p.m.

10:46:15AM 25  MR. ROSSI:  2 p.m.?  Yes, thank you, Judge.

1          **THE COURT:** In the meantime, the defendant's

2    detained pending sentence; is that correct?

3          **MR. ROSSI:** Yes, Judge.

4          **THE COURT:** Okay.  All right.  Mr. Salerno, you will

10:46:29AM 5    be contacted at some point by Probation.  Make sure you stay

6    in contact with Mr. Ciccone.  If you're contacted by Probation

7    or anybody else, make sure you let him know that.

8          Do you understand?

9          **THE DEFENDANT:** Yes, Your Honor.

10:46:40AM 10          **THE COURT:** Okay.  All right, thank you.

11          (**WHEREUPON**, proceedings adjourned at 10:46 a.m.)

12                    *    *    *

13                **CERTIFICATE OF REPORTER**

14

15          In accordance with 28, U.S.C., 753(b), I certify that

16    these original notes are a true and correct record of

17    proceedings in the United States District Court for the

18    Western District of New York before the Honorable Frank P.

19    Geraci, Jr. on July 9th, 2020.

20

21    S/ Christi A. Macri

22    Christi A. Macri, FAPR-RMR-CRR-CSR(CA/NY)
     Official Court Reporter

23

24

25